Filed: 3/4/2025 4:47 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Cody Shires

NO. CV25-00068

| | | |
|---|---|---|
| JAMES D. BUTLER, JR., | § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § § § | |
| VS. | § | COOKE COUNTY, T E X A S |
| CDK DISTRIBUTION, INC., and THE MARVIN COMPANIES, INC. | § § § § | |
| DEFENDANT. | § | ___TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DEPOSITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **JAMES D. BUTLER, JR.**, files this original petition against defendants, **CDK DISTRIBUTION, INC.** and **THE MARVIN COMPANIES, INC.**, and alleges as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $250,000.

### II. CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### III. PARTIES

3. Plaintiff, **JAMES D. BUTLER, JR.**, is an individual currently residing in Walker County at _____ Huntsville, Texas 77340. The last three digits of

Plaintiff, **JAMES D. BUTLER, JR.**, driver's license number are          The last three digits of Plaintiff's Social Security number are

4.     Defendant, **CDK DISTRIBUTION, INC.**, is a foreign corporation whose principal office is located at 807 South Xanthus Place, Tulsa, Oklahoma 74104, and has not designated a resident agent for service of process in Texas. Therefore, Defendant **CDK DISTRIBUTION, INC.** is a nonresident Defendant. The Texas Secretary of State is the proper agent of service of process. The Clerk is requested to issue service of citation on the Texas Secretary of State to be served at: Office of the Secretary of State, Statutory Documents Section-Curations Unit, PO Box 12079, Austin, Travis County, Texas 78711-2079 who will, in turn, forward by certified mail/return receipt requested, the citation to Defendant **CDK DISTRIBUTION, INC.** by serving its registered agent, Curt Hessen at 6930 North Lakewood Avenue, Tulsa, Oklahoma 74117.

5.     Defendant, **THE MARVIN COMPANIES, INC.**, is a foreign corporation whose principal office is located at 401 State Avenue North, Warroad, Minnesota 56763, and has not designated a resident agent for service of process in Texas. Therefore, Defendant **THE MARVIN COMPANIES, INC.** is a nonresident Defendant. The Texas Secretary of State is the proper agent of service of process. The Clerk is requested to issue service of citation on the Texas Secretary of State to be served at: Office of the Secretary of State, Statutory Documents Section-Curations Unit, PO Box 12079, Austin, Travis County, Texas 78711-2079 who will, in turn, forward by certified mail/return receipt requested, the citation to Defendant **THE MARVIN COMPANIES, INC.** by serving its registered agent, Registered Agent Solutions, Inc. at 222 South 9th Street, Suite 450, Minneapolis, Minnesota 55402.

## IV. REQUEST FOR DEPOSITION

6. Plaintiff includes within these pleadings a demand for the deposition of the corporate representative of CDK Distribution, Inc. and the corporate representative for The Marvin Companies, Inc.

## V. JURISDICITON AND VENUE

7. This court has subject-matter jurisdiction over the controversy because damages sought are within the jurisdictional limits of the court.

8. Venue is proper in Cooke County, Texas, pursuant to § 15.002, *Civil Practice & Remedies Code*, in that the cause of action, or a part thereof, arose in Cooke County.

## VI. FACTS

9. On or about March 24, 2023, while traveling in Cooke County, Texas, an unknown driver, while in the course and scope of his employment with Defendants, **CDK DISTRIBUTION, INC. and THE MARVIN COMPANIES, INC.**, was operating a vehicle owned by Defendant, **CDK DISTRIBUTION, INC.**, and rearended Plaintiff, **JAMES D. BUTLER, JR.'s** vehicle.

10. As a direct and proximate result of the collision, Plaintiff suffered severe physical injuries, and pain and suffering, for which he sought reasonable and necessary medical treatment.

11. As a result of his injuries, Plaintiff has incurred medical expenses which were both reasonable and necessary.

12. Based on reasonable medical predictions, Plaintiff will continue to require medical treatment and to incur reasonable and necessary medical expenses as a result of his injuries.

13. Plaintiff demands recovery for all damages prayed for herein including but not limited to general damages allowed by law, both incurred in the past and which he will incur in the future based on reasonable probability and special damages incurred or reasonable likely to be incurred in the future.

### VII. COUNT 1 – NEGLIGENCE

14. At all times material to this lawsuit, the unknown driver was the agent, servant, or employee of Defendants **CDK DISTRIBUTION, INC.** and **THE MARVIN COMPANIES, INC.**, and was acting within the course and scope of his authority as such agent, servant or employee. Plaintiff would show that while driving the subject truck and at the direction of Defendants **CDK DISTRIBUTION, INC.** and **THE MARVIN COMPANIES, INC.** on the day in question, the unknown driver carelessly and/or negligently operated the vehicle in one or more of the ways:

   a. failing to maintain a proper lookout;

   b. failing to make timely and proper application of the brakes to avoid the collision;

   c. failing to pay full time and attention;

   d. failing to take proper evasive action to avoid the collision;

   e. failing to act as a reasonable person using ordinary care in the same or similar circumstances;

    f.    failing to drive at a reasonable speed and to keep back a reasonable distance as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

    g.    failing to operate his vehicle in accordance with §545.062 of the Texas Transportation Code; and

    h.    such other and further acts and omissions of negligence as may be shown by the evidence at the trial of this cause.

15. Plaintiff would also show that on the occasion in question, he was caused to sustain serious injuries because Defendants **CDK DISTRIBUTIONS, INC.** and **THE MARVIN COMPANIES, INC.** were negligent in hiring, training, retaining, and/or supervising the unknown driver in their agency and/or employment including, but not limited to, one or more of the following:

    a.    failing to protect the safety and health of the public and/or other persons from hazard(s) and/or risk(s) posed to them by operation of the subject truck and/or other equipment, generally;

    b.    failing to promulgate, implement, enforce and identify safety rules and regulations pertaining to conducting safe operation of the truck;

    c.    failing to properly train employees and contractors for use of equipment, including the subject vehicle;

    d.    failing to take appropriate steps to provide proper supervision, training and counseling of employees, contractors and intended users of the vehicle in question;

    e.    failing to supply adequate and skilled personnel to operate its vehicles;

    f.    failing to comply with applicable statutes, rules, regulations, policies and procedures; and

    g.    such other and further acts and/or omissions of negligence as may be shown by the evidence at the trial of this cause.

16. Plaintiff would show that nothing he did, or failed to do, in any way contributed to the incident in question.

17. Plaintiff seeks damages within the jurisdictional limits of this Court.

## VIII. COUNT 2 – NEGLIGENT ENTRUSTMENT

18. In addition to other counts, Plaintiff would say and show that Defendant **CDK DISTRIBUTION, INC.** entrusted his vehicle to an unknown driver. The vehicle that the unknown driver was driving at the time of the collision in question was owned by Defendant **CDK DISTRIBUTION, INC.**.

19. Defendant **CDK DISTRIBUTION, INC.** was negligent in entrusting the vehicle in question to the unknown driver, who was a reckless, incompetent, and/or unlicensed driver.

20. Defendant **CDK DISTRIBUTION, INC.** knew or should have known that the unknown driver was a reckless, incompetent, and/or unlicensed driver.

21. The unknown driver was negligent at the time of Plaintiff's injury by failing to control his speed and failing to control his vehicle.

22. Defendant **CDK DISTRIBUTION, INC.** could reasonably have anticipated that entrusting a vehicle to a reckless, incompetent, and/or unlicensed driver would result in an injury.

## IX. DAMAGES

23. Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in the following damages:

    a. Physical pain and suffering in the past and future;

    b. Mental anguish in the past and future;

    c. Physical impairment in the past and future;

     d.     Medical expenses in the past and future;

     e.     Lost wages in the past and future; and

     f.     Loss of earning capacity in the past and future.

24.    Plaintiff seeks damages within the jurisdictional limits of this Court.

## X. ADDITIONAL DAMAGES

25.    Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein and Plaintiff here and now sues specifically for recovery of pre-judgment interest from the date of the occurrence made the basis of this suit until the date of the judgment herein as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## XI. REQUIRED DISCLOSURE

26.    Pursuant to Texas Rule of Civil Procedure 194(a), Defendants are required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any defendants that are served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

27.    All conditions precedent, if any, necessary for Plaintiff to recover herein have occurred or have been performed.

## XII. PRAYER

28. For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and Plaintiff be awarded a judgment against Defendants for the following:

   a. Actual damages.

   b. Prejudgment and postjudgment interest

   c. Court costs.

   d. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**LAW OFFICES OF BENNIE D. RUSH, PC**

/s/ Bennie D. Rush

Bennie D. Rush
State Bar No. 17400425
1300 11th Street, Suite 300
Huntsville, Texas 77340
936/295-0700 Telephone
936/295-3330 Facsimile
bennie@bdrushlaw.com

ATTORNEY FOR PLAINTIFF